**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel DeClements and Sam Tuli, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RE/MAX LLC, a Delaware Limited Liability Company,<br><br>Defendant. | No. CV-19-05476-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant RE/MAX LLC's ("RE/MAX") Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(2) for Lack of Personal Jurisdiction (Doc. 11). Without expressing an opinion on the merits of RE/MAX's motion, the Court shall *sua sponte* dismiss Plaintiffs Daniel DeClements and Sam Tuli's ("Plaintiffs") Complaint (Doc. 1) for failure to comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.

In relevant part, Rule 8(a) requires that a complaint contain "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even where a complaint has the factual elements of a cause of action present, it may nevertheless be dismissed for failure to satisfy Rule 8(a) if the elements are scattered throughout the complaint and not organized into a "short and plain statement of the claim." *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Under Rule 10(b), if a complaint contains multiple claims, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense" "[i]f doing so would promote clarity." "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotation marks and citation omitted). Separate counts have been required "where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." *Id.* at 840-841 (internal citation omitted).

The Complaint will be dismissed because it does not contain a short and plain statement of each of Plaintiffs' three claims. *See Martin v. Medtronic, Inc.*, 63 F. Supp. 3d 1050, 1061 (D. Ariz. 2014) ("'When a complaint fails to comply with' Rule 8(a)(2), 'the district court has the power, on motion or *sua sponte*, to dismiss the complaint.'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). Indeed, the Complaint is replete with general allegations (mostly concerning RE/MAX's alleged marketing practices) without ascertainable legal relevance to any particular claim. As a result, it is not clear which allegations support which claim.

Making matters cloudier is the fact that each claim incorporates by reference the scantly differentiated mass of prior allegations in the entire 42-page complaint. By intermingling essentially all substantive allegations, Plaintiffs violate Rule 10(b). *See Hanks v. Andrews*, No. CV 05-2275, PHX-NVW, 2006 WL 1371625, at *2 (D. Ariz. May 15, 2006). RE/MAX should not have to guess which of Plaintiffs' allegations—many of which implicate the conduct of non-parties—relate to itself and each claim for relief.

IT IS THEREFORE ORDERED that Plaintiffs Daniel DeClements and Sam Tuli's Complaint (Doc. 1) is dismissed, with leave to amend by June 24, 2020. No further leave to amend will be granted.

IT IS FURTHER ORDERED that Defendant RE/MAX LLC's Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(2) for Lack of Personal Jurisdiction (Doc. 11) is denied without prejudice to renewing it within 21 days of being served with an amended complaint pursuant to Federal Rule of Civil Procedure 12(a)(1).

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action with prejudice after June 24, 2020, if Plaintiffs Daniel DeClements and Sam Tuli have not filed an amended complaint by then.

Dated: June 10, 2020

_____
Neil V. Wake
Senior United States District Judge