Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

[Additional counsel appearing on signature block]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Daniel DeClements and Sam Tuli,
individually, and on behalf of all others
similarly situated,

     *Plaintiffs*,

v.

Re/Max, LLC, a Delaware Limited
Liability Company,

     *Defendant.*

Case no. 2:19-cv-05476-NVW

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff Daniel DeClements ("Plaintiff DeClements" or "DeClements") and Plaintiff Sam Tuli ("Plaintiff Tuli" or "Tuli") bring this Class Action Complaint and Demand for Jury Trial against Defendant Re/Max, LLC. ("Defendant" or "Re/Max") to stop Re/Max from directing its real estate agents to violate the Telephone Consumer Protection Act ("TCPA"), or at the very least from ratifying their agents' TCPA violative conduct. Specifically, Re/Max's real estate agents use third party lead generating services to mine expired property listings from the Multiple Listing Service ("MLS"). These lead generators use skip-tracing to match cell phone numbers of the owners of those properties with expired listings to allow agents to cold call them without consent. These calls are

often made using an autodialer or prerecorded voice and/or to telephone numbers on the national Do Not Call registry ("DNC") in violation of the TCPA.

In this case, both Plaintiff DeClements and Plaintiff Tuli received repeated telemarketing calls from Re/Max real estate agents after their respective property listings expired, canceled, or otherwise withdrawn on the MLS. As a result, Plaintiff Tuli and Plaintiff DeClements seek to obtain injunctive and monetary relief for all persons injured by Re/Max's ratification and endorsement of this pernicious telemarketing. Plaintiff DeClements and Plaintiff Tuli, for this Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.      Plaintiff Daniel DeClements is a resident of Rio Verde, Arizona.

2.      Plaintiff Sam Tuli is a resident of Allen, Texas.

3.      Defendant Re/Max is a Delaware limited liability company headquartered at 5075 S. Syracuse Street, Denver, CO 80237. Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.      This Court has personal jurisdiction over the Defendant since Defendant conducts business in this district. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff DeClements resides in this District and because the wrongful conduct giving rise to this case was directed from and to Plaintiff DeClements in this District.

**COMMON ALLEGATIONS**

6.    Re/Max is a national real estate brokerage that, among other things,

provides its real estate agents training and technology to use to market their real estate

brokerage services for their mutual benefit.

7.    In recent years a troubling trend has surfaced in the real estate industry: real

estate agents are cold calling owners of properties who have had their MLS listing expire

or be canceled or withdrawn.

8.    However, cold calling consumers without consent using an autodialer or

when their phone numbers are registered on the DNC is a violation of the TCPA.

Defendant Re/Max is aware of this marketing trend and directs, authorizes, or, at a

minimum, ratifies real estate agents' misconduct in a number of ways including by:  (1)

endorsing Landvoice, a company that sells real estate agents skip-trace based leads

services and an autodialer,[1] as an "Approved Supplier" of Re/Max to its real estate

agents,[2] (2) providing Landvoice the platform at annual Re/Max events to solicit its

services to Re/Max agents,[3] (3) endorsing Coach Tom Ferry, who specifically

---

[1] Landvoice's service includes the automatic loading of the Landvoice-generated leads lists, using a sequential number generator, into a "Power Dialer," an automatic telephone dialing system that "dial[s] leads" at a rate of 80 to 300 per hour and delivers a pre-recorded message if calls are not answered.  *See* Landvoice's homepage, previously available at:  https://landvoice.com/.

[2] In fact, in order to ensure that its real estate agents use Landvoice, Re/Max agents are provided with "special Re/Max prices" and Re/Max real estate agents even receive a discount of "1/2 off for the 1st month!"  *See* Landvoice's Re/Max landing page, previously available at:  https://www.landvoicedata.com/remax/.

[3] Landvoice is not the exclusive lead generation platform that Re/Max promotes for agents use to cold call consumers. Other platforms include Vulcan7 and RedX. In fact, Re/Max has even authorized RedX to use Re/Max's logo on its main website.  *See* RedX's homepage, available at:  https://theredx.com, last accessed June 24, 2020.

3

recommends cold calling expired listing leads through services like Landvoice, as an

"Approved Supplier" of Re/Max to its real estate agents, and (4) providing courses on

Re/Max University available to all of Re/Max's agents such as Tom Ferry's

"Breakthrough by Design" which specifically directs agents to call leads provided by

Landvoice.

## PLAINTIFFS' ALLEGATIONS

### Re/Max Real Estate Agents Repeatedly Called Plaintiff Tuli

9.      Plaintiff Tuli is the subscriber of two telephone numbers that he uses for

personal purposes only, and which he registered with the DNC on August 4, 2007 and

September 8, 2011.

10.     One is a cellular phone number and the other is a Google Voice phone

number that forwards directly to Plaintiff Tuli's cell phone.

11.     Plaintiff Tuli had a property listed for sale, but he caused the listing to be

taken down by his real estate agent for a short period of time on July 16, 2018 so the

listing could be changed. Re/Max real estate agents called him immediately after taking

down his listing to solicit him to re-list his property with them.

12.     Not surprisingly, this is one of the advertised features of Landvoice:  to

immediately identify and allow agents to call phone numbers related to "expired"

listings.[4]

13.     The following chart provides a breakdown of the calls received by Tuli from

Defendant's agents by phone number, calling phone number, date, and time:

### Plaintiff Tuli's Google DNC Protected Phone Number

- July 17, 2018 at 9:12 AM using phone number 940-453-3585
- July 17, 2018 at 11:52 AM using phone number 972-251-0297

---

[4] *See* Landvoice's homepage, available at:  https://landvoice.com/, last accessed
June 24, 2020.

- July 17, 2018 at 8:18 AM using phone number 940-320-9656
- July 18, 2018 at 8:52 AM using phone number 940-320-9656
- July 18, 2018 at 10:05 AM using phone number 940-453-3585
- July 19, 2018 at 8:48 AM using phone number 940-320-9656

**Plaintiff Tuli's Cell Phone DNC Protected Number**

- July 18, 2018 using phone number 940-453-3585
- July 18, 2018 using phone number 972-251-0297
- July 18, 2018 using phone number 940-320-9656
- July 19, 2018 at 8:52 AM using phone number 940-320-9656
- July 19, 2018 at 10:05 AM using phone number 940-453-3585
- July 24, 2018 using phone number 940-453-3585

14.     The phone calls that Tuli received from 940-453-3585 were from Mike Rekart of Re/Max Legacy.

15.     Rekart carries forward the marketing plan established and/or ratified by Re/Max's head office by placing unsolicited calls to consumers with expired listings.

16.     There are numerous complaints posted online regarding unsolicited calls Rekart placed to consumers regarding expired listings. For example:

- "Licensed Real Estate Agent wanting us to relist our house with him. Won't. Stop. Calling."[5]

- "Got a call this morning."[6]

- "I just got a call from this number to my cell phone."[7]

17.     The phone calls that Tuli received from 972-251-0297 were from Melissa Loan Bui of Re/Max Dallas Suburbs.

---

[5] https://findwhocallsyou.com/9404533585?CallerInfo

[6] https://whocallsme.com/Phone-Number.aspx/9404533585

[7] https://800notes.com/Phone.aspx/1-940-453-3585

5

18.    Re/Max Dallas Suburbs carries forward the marketing plan established and/or ratified by Re/Max's head office by ensuring that its agents are trained and guided by Tom Ferry.

19.    Tuli was also called by 940-320-9656. WhitePages Premium has this phone number listed as Re/Max Advantage, but it is not yet known which agent uses this number.[8]

20.    Caller complaints about 940-320-9656 show that the Re/Max Advantage agent that uses this phone number regularly places unsolicited calls to consumers with expired listings:

- "Just called the day after we took our house off the market. Never did tell us his name just that he was with Remax, and asked a lot of questions about our house and didn't know anything about it or from the listing."[9]

- "This person has called me and my husband multiple times and has contacted my estranged father asking questions about me and my property that I recently took [off] the market. This has to stop."[10]

- "unsolicited call asking why we took house off the market."[11]

- "Some guy calling about property"[12]

- "Unsolicited call"[13]

---

[8] https://premium.whitepages.com/phone/1-940-320-9656

[9] https://800notes.com/Phone.aspx/1-940-320-9656

[10] https://whocallsme.com/Phone-Number.aspx/9403209656

[11] https://www.shouldianswer.com/phone-number/9403209656

[12] *Id.*

[13] *Id.*

21.     Plaintiff Tuli never provided his cellular phone number, or any phone number to Re/Max, or otherwise consented to any Re/Max agent placing solicitation telephone calls to the phone numbers Tuli placed on the DNC.

22.     On information and belief, many of the calls Tuli received were made by an autodialer since multiple Re/Max agencies called him, he received a high volume of calls, and Re/Max endorses autodialer use.

### Re/Max Real Estate Agents Repeatedly Called Plaintiff DeClements

23.     Plaintiff DeClements had a property listed for sale, but he terminated his contract with the real estate agent that he was working with in the beginning of September 2019, causing his listing to be removed from the MLS.

24.     On September 2, 2019 at 7:51 PM, the same day DeClements had the listing removed, he received a prerecorded voicemail on his cell phone from a Re/Max agent using phone number 602-413-8195. The prerecorded voicemail states:

> "Hello, this is Monique at 602-413-8195. I had a couple of questions regarding your home and wanted to…" (The voicemail cuts off at this point.)

25.     DeClements believes this voicemail was prerecorded due to its generic nature and the fact that it cuts off prematurely before the full message plays.

26.     602-413-8195 is a phone number used by Monique Walker of Re/Max Excalibur.[14]

---

[14] https://www.moniquesells.com/

27.     Walker carries forward the marketing plan established and/or ratified by Re/Max's head office by placing unsolicited calls to consumers with expired listings.

28.     This has resulted in numerous consumer complaints that have been posted online. For example:

- "I continue to receive unwanted and unsolicited calls from Monique Walker of ReMax in regards to a real estate listing that expired LAST YEAR. I am on the National Do Not Call List and have filed a number of complaints, but that clearly doesn't matter to this 'person'."[15]

- "This agent has been calling my husband and I since 7 am this morning.. I call agents vultures now because as soon as listing gets taken off the market they swarm and try to pick it back up… LEAVE US ALONE!! There is a reason our MLS listing says to not bother us!!"[16]

- "I forgot my listing expired yesterday. That would explain the sudden calls I'm getting from unknown numbers. I google this one and found it belonging to a real estate agent in Phoenix along with this post. I blocked the number so she won't be getting through to me again… She won't be calling continually now!"[17]

- "Yes, this is a real estate agent looking to snag an expired listing. Mine just expired so I suppose I'll get a lot of these calls."[18]

- "Same as the rest, early morning call and no voicemail. My house just went off the market a few days ago."[19]

- "Annoying has calling 7 times even when asked to be removed from call list."[20]

---

[15] https://800notes.com/Phone.aspx/1-602-413-8195

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

29.     On September 3, 2019, DeClements received an autodialed call from a Re/Max real estate agent on his cell phone using phone number 480-544-4976. After a pause, and then what seemed to be a difficulty connecting to the real estate agent, the call disconnected, indicating the use of an autodialer. The real estate agent then called DeClements back, and after a pause, introduced himself as Michael with Re/Max.

30.     480-544-4976 is a phone number used by Michael Kent, a Re/Max Infinity agent.[21]

31.     Re/Max Infinity and Michael Kent himself carry forward the marketing plan established and/or ratified by Re/Max's head office by placing unsolicited calls to consumers with expired listings.

32.     There are numerous complaints posted about calls consumers have received from Kent, including complaints related to expired listings and including complaints that show Kent uses an autodialer. For example:

- "Got several calls over a 10 minute period from this firm, offering to list a house in Gilbert, AZ, which we never owned. The calls were placed to my cell phone…"[22]

- "Relentlessly harassed me by calling my cell phone several times a day for about a week. Reported to FTC…"[23]

---

[21] http://7930camelback703.agentmarketing.com/mlsmax/loans.htm

[22] https://www.yelp.com/biz/michael-kent-re-max-infinity-chandler

[23] https://www.facebook.com/pg/TheMichaelKentTeam/reviews/?ref=page_internal

1
2
3
4
5
6
7
8

- "number keeps calling no answer and called back no one on the line annoying sales call"[24]

- "I don't live in Phoenix and do not know anyone who does. Stop calling"[25]

- "This number keeps calling me as well. I have received probably 8 calls from them in the last 5 days."[26]

- "This number keeps calling me and I want it to stop."[27]

- "I received 5 calls in the last 24 hours from this number."[28]

9
10
11

33.    In addition, Re/Max Infinity itself strongly re-enforces the teachings and training of Tom Ferry that Re/Max's head office promotes.

12
13
14

34.    Plaintiff DeClements has never provided his cellular phone number, or any phone number to Re/Max, or otherwise consented to any Re/Max agent placing solicitation telephone calls to his cell phone number.

15
16
17
18
19

35.    The unauthorized telephone calls made by Re/Max agents at Re/Max's direction, as alleged herein, have harmed Plaintiff Tuli and Plaintiff DeClements in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of their phones, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phones.

20
21
22
23

36.    Seeking redress for these injuries, Plaintiff Tuli and Plaintiff DeClements on behalf of themselves and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits

24   [24] https://www.reportedcalls.com/report/4805444976

25   [25] *Id.*

26   [26] *Id.*

27   [27] *Id.*

28   [28] *Id.*

unsolicited prerecorded and autodialed voice calls to cellular telephones, and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiffs' TCPA Claims

37.      Plaintiff Tuli and Plaintiff DeClements bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following three Classes:

**Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) at least one of Defendant's real estate agents called, (2) using a prerecorded voice, (3) for a substantially similar reason that Plaintiff DeClements was called, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff DeClements, or (b) they did not obtain prior express written consent.

**Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) at least one of Defendant's real estate agents called, (2) on the person's cellular telephone number, (3) using a calling platform substantially similar to the calling platform used to call Plaintiff Tuli and Plaintiff DeClements, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiffs Tuli or DeClements, or (b) they did not obtain prior express written consent.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant's real estate agents called more than one time within any 12-month period, (2) where the person's residential telephone number had been listed on the DNC for at least thirty days, (3) for a substantially similar reason that Plaintiff Tuli was called, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff Tuli, or (b) they did not obtain prior express written consent.

11

38.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Tuli and Plaintiff DeClements anticipate the need to amend the Class definitions following appropriate discovery.

39.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Tuli, Plaintiff DeClements, and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant ratified its real estate agents' use of a prerecorded message for calling phone numbers of expired leads without consent violating the TCPA;

(b)     whether Defendant ratified its real estate agents' use of an autodialer for calling cell phone numbers of expired leads without consent violating the TCPA;

(c)     whether Defendant's real estate agents used an automatic telephone dialing system to make their calls to Plaintiff Tuli, Plaintiff DeClements and the members of the Classes;

(d)     whether Defendant's real estate agents systematically made multiple telephone calls to Plaintiff Tuli, and consumers whose telephone numbers were registered with the National Do Not Call Registry;

(e)     whether Defendant's real estate agents made calls to Plaintiff Tuli, Plaintiff DeClements and members of the Classes without first obtaining prior express written consent to make the calls;

(f)     whether Defendant is liable under the TCPA for its real estate agents' conduct; and

(g)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41.     **Adequate Representation**: Plaintiff Tuli and Plaintiff DeClements will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiffs  have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to the Plaintiff's. Plaintiff Tuli, Plaintiff DeClements and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Tuli, Plaintiff DeClements or their counsel have any interests adverse to the Classes.

42.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to the Plaintiff's. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of

individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff DeClements and the Prerecorded No Consent Class)**

43.    Plaintiff DeClements repeats and realleges paragraphs 1 through 8 and 23 through 42 of this Complaint and incorporates them by reference.

44.    Defendant's agents transmitted unwanted solicitation telephone calls to Plaintiff DeClements and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

45.    These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff DeClements and the other members of the Prerecorded No Consent Class.

46.    Defendant is vicariously liable for its agents' conduct.

47.    Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff DeClements and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs and the Autodialed No Consent Class)**

48.     Plaintiff Tuli and Plaintiff DeClements repeat and reallege paragraphs 1 through 42 of this Complaint and incorporate them by reference.

49.     Defendant's real estate agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff Tuli and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

50.     These solicitation telephone calls were made *en masse* without the prior express written consent of Plaintiff Tuli and the other members of the Autodialed No Consent Class.

51.     Defendant is vicariously liable for its agents' conduct.

52.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Tuli and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**THIRD CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tuli and the Do Not Call Registry Class)**

53.     Plaintiff Tuli repeats and realleges paragraphs 1 through 22 and 35 through 42 of this Complaint and incorporates them by reference.

54.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-

not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

56.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Tuli, and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

57.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Tuli, and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Tuli, and the Do Not Call Registry Class are each entitled to up to $1,500 in damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Tuli and DeClements, individually and on behalf of the Classes, pray for the following relief:

58.     An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Tuli and Plaintiff DeClements as the representatives of the Classes; and appointing their attorneys as Class Counsel;

59.     An award of actual and/or statutory damages and costs;

60.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

61.     An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

62.     Such further and other relief as the Court deems just and proper.

1

**JURY TRIAL DEMAND**

2        Plaintiff Tuli and Plaintiff DeClements request a jury trial.

3

4    Dated: June 24, 2020                    By: */s/ Avi R. Kaufman*
                                              Avi R. Kaufman (*pro hac vice*)
5                                             kaufman@kaurmanpa.com
                                              KAUFMAN P.A.
6                                             400 NW 26th Street
                                              Miami, FL 33127
7                                             Telephone: 305.469.5881
8

9                                             Nathan Brown
                                              Telephone: (602) 529-3474
10                                            Nathan.Brown@BrownPatentLaw.com
                                              *Local Counsel for Plaintiff and the putative Class*
11

12                                            LAW OFFICES OF STEFAN COLEMAN, P.A.
13                                            Stefan Coleman (*pro hac vice*)
                                              law@stefancoleman.com
14                                            201 S. Biscayne Blvd, 28th Floor
                                              Miami, Fl 33131
15                                            Telephone: 877.333.9427
                                              Fax: 888.498.8946
16

17

18                                            *Attorneys for Plaintiffs and the putative Classes*

19

20

21

22

23

24

25

26

27

28